**K&L GATES LLP**
One Newark Center – Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
Attorneys for Defendant
Laboratory Corporation of America Holdings

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**DOCUMENT ELECTRONICALLY FILED**

| | |
|---|---|
| ALEJANDRA RODRIGUEZ,<br><br>            Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, a/k/a LABCORP, and JOHN and JANE DOE 1-10, ABC Corp. and XYZ Corp. (Said names being unknown and fictitious),<br><br>            Defendants. | Civil Action No: _____<br><br>Honorable _____<br><br>**NOTICE OF REMOVAL** |

Defendant Laboratory Corporation of America Holdings ("LabCorp" or "Defendant"), by and through its attorneys, K&L Gates LLP, states as follows:

1.  Upon information and belief, on or about June 27, 2014, plaintiff Alejandra Rodriguez ("Plaintiff") commenced an action by filing a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, Docket No. HUD-L-2897-14. Plaintiff asserts claims against LabCorp for an alleged hostile work environment, allegedly in violation of the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 *et seq.* (First Count); breach of contract (Second Count); breach of the implied covenant of good faith and fair dealing (Third Count); wrongful discharge in violation of public policy (Fourth Count); and negligence (Fifth Count). A copy of the Complaint is attached hereto as Exhibit A.

2. LabCorp is the only non-fictitious defendant named in the Complaint. See Exhibit A.

3. Upon information and belief, LabCorp was served with the Complaint, together with a Civil Action Summons, Track Assignment Notice, and Civil Case Information Statement on or about July 15, 2014. Copies of the Civil Action Summons, Track Assignment Notice, and Civil Case Information Statement are attached hereto as Exhibit B. In filing this Notice of Removal, LabCorp does not waive any defects in the process and service of process of the Summons and Complaint in this matter, nor does it waive any other defenses.

4. The aforesaid Complaint, a copy of which is attached hereto as Exhibit A, and the Civil Action Summons, Track Assignment Notice, and Civil Case Information Statement, copies of which are annexed hereto as Exhibit B, are the only pleadings received by LabCorp in this action to date. LabCorp has received no other process, pleadings or orders in this action.

5. This Notice of Removal is being timely filed within 30 days of LabCorp's first receipt of a copy of the Complaint, by service or otherwise, pursuant to 28 U.S.C. § 1446(b).

6. There is complete diversity of citizenship in this action. In the Complaint, Plaintiff alleges that she is a resident of the State of New Jersey. See Exhibit A (Complaint), preamble. LabCorp is a Delaware Corporation with its principal place of business located in Burlington, North Carolina.

7. Moreover, the amount in controversy in this action exceeds $75,000 for the following reasons:

    a. In her Complaint, among other things, Plaintiff seeks compensatory damages under the NJLAD and under her contractual and common law claims, including, but not limited to, damages for humiliation, emotional distress, mental pain and anguish, losses in

earnings, job experience, retirement benefits, other employment benefits, consequential damages, and incidental damages.  See Exhibit A (Complaint), ¶ 7 and "Wherefore" Clause.

   b. Plaintiff also seeks an award of "punitive and/or treble damages."  See Exhibit A (Complaint), "Wherefore" Clause.  Punitive damages are recoverable under the NJLAD and under her common law claims and are appropriately considered in determining the amount in controversy.  See Frederico v. Home Depot, 507 F. 3d 188, 199 (3d Cir. 2007) ("In addition, [plaintiff] is seeking punitive damages, which we must consider when calculating the amount in controversy"); Golden v. Golden, 382 F.3d 348, 355,(3d Cir. 2004) ("If appropriately made . . . a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."); see also Raspa v. Home Depot, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (noting that "a request for punitive damages will generally satisfy the amount in controversy requirement" (citation and internal quotation marks omitted)).

   c. Plaintiff also seeks an award of attorneys' fees and costs.  Attorneys' fees and costs are also recoverable under the NJLAD and must also be considered in determining the amount in controversy.  See Frederico, 507 F.3d at 199.

   d. Accordingly, in light of the nature of the relief demanded under Plaintiff's NJLAD, contractual and common law claims, the amount in controversy in this action far exceeds $75,000.

  8. Thus, this is a civil action between citizens of different states, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, of which the United States District Courts have original jurisdiction, pursuant to 28 U.S.C. §1332(a).

  9. LabCorp, as the only named non-fictitious defendant, consents to the removal of this action to this Court through its undersigned counsel.

10. Therefore, this action is removable under 28 U.S.C. §§ 1441(a) and (b).

**WHEREFORE**, LabCorp respectfully request that this action be removed from the Superior Court of New Jersey, Law Division, Hudson County, to this Court, and proceed in this Court as an action properly removed thereto.

    Respectfully submitted,

    **K&L GATES LLP**
    Attorneys for Defendant
    Laboratory Corporation of America Holdings

    By: s/ George P. Barbatsuly
    One Newark Center- 10th Floor
    Newark, NJ 07102
    Telephone (973) 848-4000
    Fax (973) 848-4001
    Email: george.barbatsuly@klgates.com

Dated: July 17, 2014

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date, I caused the foregoing Notice of Removal to be served by overnight mail upon counsel for Plaintiff at the following address:

> Philip C. Apovian, Esq.
> 640 Palisade Avenue
> Englewood Cliffs, NJ  07632

> Respectfully submitted,
>
> **K&L GATES LLP**
> Attorneys for Defendant
> Laboratory Corporation of America Holdings
>
> By: s/ George P. Barbatsuly__
>       George P. Barbatsuly

Dated:  July 17, 2014

**EXHIBIT A**

07/07/2014 10:12 FAX 2015699069     LAW OFFICES                    ☒006

**Philip C. Apovian, Esq.**
640 Palisade Avenue
Englewood Cliffs, N.J. 07632
(201) 816-9339
*Attorney for Plaintiff, Alejandra Rodriguez*
*Attorney NJID #017681984*


FILED
TEAM #1
JUN 2 7 2014
SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION

| | |
|---|---|
| ALEJANDRA RODRIGUEZ<br><br>                Plaintiff<br><br>vs.<br><br>LABORATORY CORPORATION OF<br>AMERICA HOLDINGS, a/k/a LABCORP,<br>and JOHN and JANE DOE 1-10<br>ABC Corp. and XYZ Corp.<br>(Said names being unknown and fictitious)<br><br>                Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br>*Civil Action*<br><br>DOCKET NO: L-2897-14<br><br><br><br>*COMPLAINT AND JURY DEMAND* |

Plaintiff, Alejandra Rodriguez, a resident of the State of New Jersey, by way of Complaint against the Defendants, states:

### THE PARTIES

1. At all times hereinafter, Defendant Laboratory Corporation of America Holdings (hereinafter "LabCorp") with main offices based in Burlington, North Carolina, with a subsidiary office located at 1 Lefante Way, in the City of Bayonne, County of Hudson, State of New Jersey.

2. Defendants John and Jane Doe 1-10, (fictitious defendants), and such other entities which may be revealed during Discovery, upon information and belief are agents, servants and/or employees of the aforementioned Defendants who acted for all pertinent purposes within the scope and course of employment and/or otherwise contributed to the wrongful and illegal conduct

complained of in this Complaint.

3.  Defendants ABC Corp. and XYZ Corp. (fictitious defendants) and such other entities which may be revealed during Discovery, upon information and belief are affiliates, subsidiaries, and/or companies which may have been involved and may be liable for all the actions contributed to the wrongful and illegal conduct complained of in this Complaint.

## FIRST COUNT
### Hostile Work Environment in Violation of New Jersey's Law Against Discrimination

4.  The Plaintiff was employed by the Defendants as a Lab Technician from approximately June of 2011 through the date of her termination on or about August 27, 2012.

5.  Termination of Ms. Rodriguez's employment violated NJSA 10:5-1 *et seq.* in violation of the Hostile Work Environment, in violation of New Jersey's Law Against Discrimination. Ms. Rodriguez's rights were immediately violated under said Law, as the condition of her employment were altered and the working environment was hostile and abusive.

6.  Defendants knew or should have known of the existence of the unlawful discrimination and harassment and were required under the law to investigate, remediate and prevent it from occurring again, which they failed to do.

7.  As a direct and proximate result of the Defendants' violation of the New Jersey Law Against Discrimination, Ms. Rodriguez has suffered damages including, but not limited to humiliation, emotional distress, mental pain and anguish, and continues to suffer substantial losses in earnings, job experience, retirement benefits, and other employment benefits that she would receive absent Defendants' unlawful conduct. Furthermore, Ms. Rodriguez has incurred additional costs and expenses which would not have been incurred but for Defendants' unlawful conduct.

8.  Defendants' knew at the time when they hired Ms. Rodriguez that she suffered from

a disability and failed to make accommodations for Ms. Rodriguez's condition, and they put pressure on her to resign, which caused her to suffer injuries at the premises.

## SECOND COUNT
### Breach of Contract

9. Plaintiff repeats the previous allegations as though fully set forth herein.

10. At all times relevant to this action, Defendant LabCorp has represented to employees in various writings including, but not limited to, written employment contracts, personnel policies and procedure manuals, retirement and profit-sharing plans and employee guidelines, that their employment would be based upon the Defendants' good faith compliance with the law, that employees would be treated fairly and equitably, that employees would be judged on the basis of individual merit and ability, and that employees would receive just compensation for their services. These provisions and representations form part of Ms. Rodriguez's employment contract and relationship with the Defendants.

11. On July 26, 2012, Defendants breached Ms. Rodriguez's contract and repeatedly put pressure on her to resign and suspended her which caused her to suffer an injury, and later terminated her wrongfully and without cause.

12. As a result of Defendants' breach of contract as mentioned above, Ms. Rodriguez has suffered and will suffer damages.

## THIRD COUNT
### Breach of Implied Covenant of Good Faith and Fair Dealing

13. Plaintiff repeats the allegations as though fully set forth herein.

14. Ms. Rodriguez's employment agreement is subject to an implied covenant of good faith and fair dealing by which Defendant LabCorp promised to give full cooperation to Ms. Rodriguez in her performance under the employment agreement and to refrain from any act that

07/07/2014 10:13 FAX 2015699069 LAW OFFICES ☒009

would prevent or impede Ms. Rodriguez from performing under the conditions of the agreement.

15. Defendant LabCorp breached the implied covenant of good faith and fair dealing with regard to Ms. Rodriguez by (a) refusing to judge her strictly on the basis of her ability and merit; (b) failing and refusing to consider such merit and ability for continuing and permanent employment; (c) failing to give any consideration to Plaintiff's record of exceptional employment and service, and (d) retaliating against her for reporting the unlawful conduct.

16. As a proximate cause of Defendant's breach of the covenant of good faith and fair dealing, Ms. Rodriguez has suffered and continues to suffer damages.

## FOURTH COUNT
### Wrongful Discharge in Violation of Public Policy

17. Plaintiff repeats the allegations as though fully set forth herein.

18. The acts and omissions of Defendants constitute a wrongful discharge in violation of public policy by which Ms. Rodriguez has been damaged and will continue to suffer damages.

## FIFTH COUNT
### Negligence

19. Plaintiff repeats the allegations as though fully set forth herein.

20. Defendant Laboratory Corporation of America Holdings, a/k/a LabCorp., their servants and/or representatives owed a duty to exercise the case and caution necessary to protect its employees and agents from their unlawful actions of their other employees.

21. Defendant Laboratory Corporation of America Holdings, a/k/a LabCorp., their servants and/or representatives knew or had reason to know of the employees unlawful conduct and behavior by way of Ms Rodriguez's complaints and report and/or otherwise.

22. Defendant Laboratory Corporation of America Holdings, a/k/a LabCorp., their servants and/or representatives failed to exercise reasonable care in supervising their other

employees and agents in protecting the safety and welfare of the Plaintiff and other employees as detailed above.

23. As a result of Defendants' negligence as mentioned above, Ms. Rodriguez has been damaged and will continue to suffer damages.

**WHEREFORE**, Plaintiff Alejandra Rodriguez demands judgment against all Defendants for the following:

- A. Compensatory damages;
- B. Incidental damages;
- C. Consequential damages;
- D. Punitive and/or treble damages;
- E. Costs of suit;
- F. Attorneys' fees;
- G. Interest, and
- H. Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, Alejandra Rodriguez demands trial by jury as to all issues in this matter.

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that to the best of my knowledge, no other party shall be joined in this action. R.4:5-1.

Dated: 6/14

Philip C. Apovian
*Attorney for Plaintiff*

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is hereby advised that Philip C. Apovian, Esq. is hereby designated as trial counsel.

Dated: 6/14

Philip C. Apovian, Esq.

**EXHIBIT B**

07/07/2014 10:12 FAX 2015899069          LAW OFFICES                                   ☒003

## SUMMONS

Attorney(s) Philip C. Apovian, Esq.

Office Address 640 Palisade Avenue

Town, State, Zip Code Englewood Cliffs, NJ 07632

Telephone Number (201) 816-9339

Attorney(s) for Plaintiff Alejandra Rodriguez

ALEJANDRA RODRIGUEZ

      Plaintiff(s)

Vs.

LABORATORY CORP. OF AMERICA HOLDINGS, a/k/a
LABCORP,
      Defendant(s)

**Superior Court of New Jersey**

HUDSON COUNTY
LAW DIVISION

Docket No: HUD-L-2897-14

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                                                                                                  */s/ Jennifer M. Perez*

                                                                                             Clerk of the Superior Court

DATED: 07/07/2014

Name of Defendant to Be Served: Labcorp

Address of Defendant to Be Served: 1 Lefante Way, Bayonne, NJ 07002

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

07/07/2014 10:12 FAX 2015699069        LAW OFFICES                           ☒004

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY       NJ 07306
                                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 217-5162
COURT HOURS  8:30 AM - 4:30 PM

                            DATE:   JULY 01, 2014
                            RE:     RODRIGUEZ VS LABORATORY CORPORATION OF AMER
ICA HOL
                            DOCKET: HUD L -002897 14

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH A. TURULA

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 795-6908.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDAN
CE
WITH  R. 4:5A-2.
                            ATTENTION:
                                       ATT: PHILIP C. APOVIAN
                                       APOVIAN              PHILIP   C
                                       640 PALISADE AVENUE
                                       ENGLEWOOD CLIFFS NJ 07632

JUJPERO

07/07/2014 10:12 FAX 2015899069          LAW OFFICES                                    ☒005

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1. Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Philip C. Apovian, Esq. | (201) 816-9339 | Hudson |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
|  | L-2897-14 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 640 Palisade Avenue<br>Englewood Cliffs, NJ 07632 | Complaint |
|  | JURY DEMAND  ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Alejandra Rodriguez, Plaintiff | Alejandra Rodriguez vs. Laboratory Corporation of America Holdings, a/k/a Labcorp, John & Jane Doe 1-10, ABC Corp. and XYZ Corp.(fictitious defendants) |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 509 | ☐ YES  ☒ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ Yes  ☒ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ Yes  ☒ No | ☐ NONE  ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☒ Yes  ☐ No | ☒ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES  ☒ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ Yes  ☒ No | |
| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| ☒ Yes  ☐ No | Spanish |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 08-19-2013, CN 10517-English                                                                                      page 1 of 2